# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2020 WY 100

*April Term, A.D. 2020*

*July 29, 2020*

EDWARD J. RUNYON,

**Appellant**
**(Defendant),**

**v.**                                                               S-20-0106

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

## ORDER AFFIRMING THE DISTRICT COURT'S JUDGMENT AND SENTENCE

[¶ 1]   **This matter** came before the Court upon its own motion following the filing of Appellant's *pro se* pleadings.   Pursuant to a plea agreement, Appellant entered unconditional "no contest" pleas to (1) strangulation of a household member and (2) misdemeanor domestic battery.  Wyo.Stat.Ann. § 6-2-509(a)(i); Wyo.Stat.Ann. § 6-2-511. On the felony, the district court imposed a seven to nine-year sentence, which was suspended in favor of probation.  Appellant filed this appeal to challenge the district court's May 4, 2020, "Judgment and Sentence."

[¶ 2]   On June 25, 2020, Appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  This Court subsequently ordered that Appellant may "file with this Court a *pro se* brief specifying the issues he would like the Court to consider in this appeal."  This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw and, if appropriate, make a final decision" on this appeal.  On July 17, 2020, Appellant filed a *pro se* brief or pleading, in which he claims his trial counsel was ineffective.  He followed up with a letter, which was filed herein July 20, 2020.

[¶ 3]   Now, following a careful review of Appellant's *pro se* pleadings, the record, and the "*Anders* brief" submitted by appellate counsel, this Court finds appellate counsel's motion to withdraw should be granted and the district court's "Judgment and Sentence" should be affirmed.  To the extent Appellant's letter can be interpreted as a request for leave to file a *pro se* W.R.A.P. 21 motion, this Court finds such leave should be denied, because there is no showing of extraordinary circumstances.  W.R.A.P. 21(a) ("Upon a showing of extraordinary circumstances, the appellate court may grant leave to file a motion after appellant has filed his brief, but in no event shall a motion be filed after the case has been taken under advisement by the appellate court.").  It is, therefore,

[¶ 4]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Edward J. Runyon, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶ 5]   **ORDERED** that the Converse County District Court's May 4, 2020, "Judgment and Sentence" be, and the same hereby is, affirmed, except as noted below; and it is further

[¶ 6]   **ORDERED** that this matter is remanded to the district court to address a discrepancy between the oral sentencing pronouncement and the written Judgment and Sentence.  At the sentencing hearing, the district court ordered Appellant to make restitution to the woman who was the victim of Appellant's offenses. (RA 163) However, the written judgment requires Appellant to make restitution to the Memorial Hospital of Converse County.  (RA 113)  It is axiomatic that the judge's oral pronouncement at sentencing controls over a later inconsistent written sentence.  "A long-recognized rule of this Court is that where there is conflict between the sentence as articulated at sentencing, and the written sentence, the oral sentence prevails."  *Pinker v. State*, 2008 WY 86, ¶ 7, 188 P.3d 571, 574 (Wyo. 2008).  This matter is remanded to the district court to address the noted discrepancy.  This Court does not retain jurisdiction.

[¶ 7]   **DATED** this 29th day of July, 2020.

BY THE COURT:


/s/

**MICHAEL K. DAVIS**
**Chief Justice**